IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00267-CV

 

In the
Interest of J.D., a Child

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 07-001876-CV-361

 



ABATEMENT ORDER FOR MEDIATION










 

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

            We find that this proceeding is
appropriate for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9. 
Accordingly, we order the parties to participate in mediation.  We strongly
recommend the inclusion of the Intervenors, Christi Drier and Danielle Cordaway
(and any other party in the trial court proceeding) in the mediation process as
well.

            The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, appellants are ordered to file a notice with the Clerk of this Court
which either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

            Mediation must occur within thirty
days after the date the above-referenced notice agreeing to a mediator is filed
or, if no mediator is agreed upon, within thirty days after the date of the
order assigning a mediator.

            No less than seven calendar days
before the first scheduled mediation session, each party must provide the
mediator and all other parties with an information sheet setting forth the
party’s positions about the issues that need to be resolved.  At or before the
first session, all parties must produce all information necessary for the
mediator to understand the issues presented.  The mediator may require any
party to supplement the information required by this Order.

            Named parties must be present during
the entire mediation process.

            Immediately after mediation, the
mediator must advise this Court, in writing, only that the case did or did not
settle, and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
each party must pay a proportionate share of the agreed-upon fee directly to the
mediator.

            Failure or refusal to attend the
mediation as scheduled and to actively participate therein may result in the
imposition of sanctions, as permitted by law.  

            Any objection to this Order must be
filed with this Court and served upon all parties within ten days after the
date of this Order, or it is waived.

            We
abate this proceeding for mediation. 

PER CURIAM

Before Chief Justice
Gray,

        Justice Reyna,
and

        Justice Davis

Order issued and filed August
5, 2009

Appeal abated for
mediation

Do
not publish